IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| VALERIE WELLS, AS SPECIAL PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH DWIGHT SHEPPARD, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF JOESPH DWIGHT SHEPPARD, DECEASED<br><br>Plaintiff,<br><br>V.<br><br>SKYLINE ARKANSAS HOLDINGS, LLC; SKYLINE CHP HOLDINGS, LLC; BATESVILLE HOLDINGS, LLC; BATESVILLE HEALTH AND REHAB, LLC; ARKANSAS NURSING HOME ACQUISTITION, LLC; CAPITAL FUNDING GROUP, INC; CSCV HOLDINGS II, LLC; ARKANSAS SNF OPERATIONS ACQUISITION III, LLC; JOSEPH SCHWARTZ; JOHN W. DWYER; ALAN ZUCCARI; BRIAN REYNOLDS;<br><br>Defendants | F201720448<br>FILED FOR RECORD<br>CASE# CV-2017-141-1 ~ 05-23-2017 03:15:34 PM<br>JUDGE: MAUREEN HARROD<br>DEBORAH FINLEY (MY)<br>INDEPENDENCE CO, AR CIRCUIT CLERK<br><br><br>Case No. CV-2017- 141-1 |

## COMPLAINT

COMES NOW the Plaintiff, Valerie Wells, and for her Complaint, states:

1. That she is, and has been at all times relevant to this action, a resident of Independence County, Arkansas;

2. That she is the duly appointed Special Personal Representative of the Estate of her father, Joseph Dwight Sheppard, Deceased, pursuant an "Order Appointing Special Personal Representative" entered in the Circuit Court of Independence County Probate Division, in a case styled "In the Matter of the Estate of Joseph Dwight Sheppard, Deceased", Case

        No: PR-2017-105-1 on May 17, 2017. A true and correct copy of said Order is attached hereto, marked Exhibit "A" and incorporated by reference thereto;

3. The "Acceptance of Appointment as Special Personal Representative" as entered in the probate case is attached hereto, marked Exhibit "B" and incorporated by reference thereto. "Letters of Special Administration" as issued by the Probate Division of the Independence County Circuit Court are attached hereto, marked Exhibit "C", and incorporated herein by reference thereto;

4. The causes of action asserted herein arise out of claims for breach of contract, negligence, and medical malpractice on behalf of Joseph Dwight Sheppard who, at all times relevant to this action, was a resident of the home known as Batesville Health and Rehab;

5. At all times relevant to this action, Skyline Holdings, LLC, Skyline CHP Holdings, LLC, Batesville Holdings, LLC, and Batesville Health and Rehab LLC, were residents of the State of Arkansas each having been incorporated under the laws of this state;

6. At all times relevant to this action, Capital Funding Group Inc. and CSCV Holdings II LLC, were residents of the State of Maryland each having been incorporated under the laws of that state;

7. At all times relevant to this action, Arkansas Nursing Home Acquisition LLC was a resident of the state of Virginia, having been incorporated under the laws of that state;

8. At all times relevant to this action, Arkansas SNF Operations Acquisition LLC was a resident of the state of Delaware, having been incorporated under the laws of that state;

9. At all times relevant to this action, Joseph Schwartz was a resident of the State of New Jersey;

10. That at all times relevant to this action, John W. Dwyer was a resident of the State of Maryland;

11. That at all times relevant to this action, Alan Zuccari was a resident of the State of Virginia;

12. That at all times relevant to this action, Brian Reynolds was a resident of the State of Maryland;

13. That this Court has jurisdiction over the parties to this matter;

14. That this Court has jurisdiction over the subject matter of this action;

15. That venue is proper in this Court;

16. That the decedent, Joseph Dwight Sheppard, was admitted to a nursing home known as Batesville Health and Rehabilitation Center on or about March 4, 2015. Mr. Sheppard was discharged from the facility on or about December 31, 2016 to White River Medical Center in Batesville, Arkansas where he died on January 18, 2017;

17. That during the course of his residency, Joseph Dwight Sheppard was subjected to poor and neglectful treatment caused by the failure of Defendants to provide adequate nursing and support staff to meet his needs. As a result, Joseph Dwight Sheppard suffered falls, was not properly fed and hydrated, was not kept clean, and was deprived a dignified existence;

18. Based upon information and belief, Batesville Health and Rehabilitation was owned and operated by John W. Dwyer, Alan Zuccari, Brian Reynolds, Capital Funding Group, Inc., Arkansas Nursing Home Acquisition, LLC, CSCV Holdings II, LLC, and Batesville Health and Rehab, LLC during Mr. Sheppard's residency until December 1, 2015, when ownership and operation was assumed by Joseph Schwartz, Skyline Arkansas Holdings,

LLC, Skyline CHP Holdings, LLC, Batesville Holdings, LLC and Batesville Health and Rehab, LLC;

19. That Defendants were aware of Joseph Dwight Sheppard's medical condition and the care he required when they represented that they could adequately care for his needs at the time of his admission to the facility;

20. That in an effort to ensure that Joseph Dwight Sheppard and other residents whose care was funded by the government were placed in their facility, Defendants held themselves out to the Arkansas Department of Human Services (DHS) and the public at large as being properly staffed, supervised, and equipped to meet the total needs of its nursing home residents;

21. That Defendants failed to discharge its obligation to care to Joseph Dwight Sheppard with a conscious disregard for his rights of safety;

22. That at all times mentioned herein, Defendants, through their corporate officers or administrators, had knowledge of, ratified or otherwise authorized all of the acts or omissions that caused the injuries suffered by Joseph Dwight Sheppard, including the hiring and retention of unqualified and untrained nursing staff, and not enough staff, as more fully set forth below within each of the respective counts. Defendants knew that this facility was understaffed and that because of poor staffing, the nursing staff could not provide even the minimum standard of care to the weak and vulnerable residents. As a result, resident like Joseph Dwight Sheppard received improper or no care;

23. As a result of this lack of care, Joseph Dwight Sheppard suffered physical injury, lost personal dignity and suffered unnecessary pain and suffering, emotional distress, and mental anguish;

24. That all times relevant herein, Defendants operated and managed a facility according to a specific plan that would maximize profits by reducing the staffing levels needed to provide care to residents that complied with federal and state regulations governing skilled nursing facilities. Specifically, Defendants intentionally and with knowing and/or reckless disregard for the consequences of their actions caused staffing levels to be set a level where the personnel on duty at any given time could not reasonably tend to the needs of their respective assigned resident and, by way of example, assist with the everyday needs of residents such as Joseph Dwight Sheppard, with all of these actions and inactions being known to Defendants and their corporate officers and administrators;

25. That at all times relevant, Joseph Dwight Sheppard was under the care, supervision, and treatment of Defendants and that the injuries complained of herein were proximately caused by the act of omissions of Defendants;

26. That Defendants had vicarious liability for the acts and omissions of all person and entities under their control, either directly or indirectly, including employees, agents, consultants, and independent contractors, causing or contributing to the injuries of Joseph Dwight Sheppard;

27. That at all times relevant to this action, Defendants were engaged in a joint enterprise for the purposes of streamlining and furthering their similar business interests in maximizing revenues at Defendants nursing homes and minimizing expenses like wages, supervision, and needed training.

## COUNT I – NEGLIGENCE

28. Plaintiff adopts and incorporates by reference all of the foregoing language of this Complaint as if fully set forth herein and further states as follows:

29. Defendants owed a non-delegable duty to residents, including Joseph Dwight Sheppard, to provide adequate and appropriate custodial care and supervision, which a reasonably careful nursing facility would provide under similar circumstances;

30. Defendants owed a non-delegable duty to residents, including Joseph Dwight Sheppard, to exercise reasonable care in providing care and services in a safe and beneficial manner.

31. Defendants owed a non-delegable duty to residents, including Joseph Dwight Sheppard, to hire, train and supervise employees to deliver care and services to residents in a safe and beneficial manner;

32. Defendants owed a non-delegable duty to assist residents, including Joseph Dwight Sheppard, in attaining and maintaining the highest level of physical, mental and psychosocial well-being;

33. Defendants breached these duties by failing to exercise reasonable care and by failing to prevent the mistreatment and neglect of Joseph Dwight Sheppard. The negligence of Defendants includes, but is not limited to, the following acts and omissions:

    a) The failure to ensure that Joseph Dwight Sheppard attained and maintained his highest level of physical, mental, and psychosocial well-being;

    b) The failure to establish, publish and/or adhere to policies for nursing personnel concerning the care and treatment of residents;

    c) The failure to increase the number of nursing personnel to ensure that Joseph Dwight Sheppard received timely and accurate care assessments, and proper treatment, medication and diet;

  d) The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and aids to meet the needs of Joseph Dwight Sheppard throughout his residency;

  e) The failure by the members of the governing body of the facility to discharge their legal and lawful obligation by (1) ensuring that the rules and regulations designed to protect the health and safety of residents, such as Joseph Dwight Sheppard, as promulgated by the Arkansas Department of Human Services and the Arkansas Office of Long Term Care, were consistently complied with on an ongoing basis and (2) ensuring appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

  f) The failure to properly in-service and orient employees to pertinent patient care needs to maintain the safely of residents; and

  g) The failure by all Defendants through their joint venture to continuously assess whether the admission of new residents would diminish the facility's ability to care for the existing residents for whom the facility had already assumed duties of care;

34. A reasonably careful nursing home operating under similar circumstances would foresee that the failure to provide the ordinary care listed above would result in the injuries suffered by Joseph Dwight Sheppard.

35. Additionally, Defendants had a statutorily mandated responsibility to provide Joseph Dwight Sheppard nursing home residents' rights as set forth in Ark. Code Ann. §20-10-1201, et. seq.;

36. Defendants' responsibilities to Joseph Dwight Sheppard under these statutes are nondelegable in that Defendants are directly liable for deprivations, and infringements by any person or entity under Defendants' control, direct or indirect, including its employees, agents, consultants, and independent contractors, whether in house or outside entities, individuals, agencies, that were caused by Defendants' policies, whether written or unwritten, or common practices;

37. That the duty alleged in the immediately preceding paragraph includes, but is not limited to, proper training and supervision, proper hiring, background and referral checks, and proper retaining and dismissing of employees, agents, consultants, and independent contractors;

38. That notwithstanding the responsibility of Defendants to provide Joseph Dwight Sheppard his statutorily mandated nursing home residents' rights, Joseph Dwight Sheppard was deprived of such rights by Defendants' failure to provide adequate and appropriate healthcare and protective support services, including therapeutic and rehabilitative services consistent with his resident care plan. These failures, which are evidence of negligence, include, but are not limited to, the following:

   a) failing to provide enough staff;

   b) failing to provide properly trained or licensed staff;

   c) failing to notify his doctors of his needs;

   d) operating a filthy facility;

   e) failing to properly clean residents, with examples including allowing residents to lie in their own feces and urine for extended periods of time and, on some occasions, until family members changed them;

    f) failing to keep the home free of accident hazards;

    g) physically, mentally, and emotionally abusing residents;

    h) failing to provide proper food to meet his nutritional needs; and

    i) failing to provide proper call lights in the facility to allow residents to contact staff in case of emergencies or other needs.

39. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of the Defendants was a proximate cause of Joseph Dwight Sheppard's injuries. Joseph Dwight Sheppard suffered personal injury including pain and suffering, mental anguish and emotional distress.

40. As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendants including, but not limited to, pain and suffering, mental anguish and emotional distress in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT II – MEDICAL MALPRACTICE

41. Plaintiff adopts and incorporates by reference all of the foregoing language of this Complaint as if fully set forth herein and further states as follows:

42. Defendants are potentially medical care providers as defined by Ark. Code Ann. §16-114-201(2) and/or liable for medical care providers as defined by Ark. Code Ann. §16-114-201(2);

43. Defendants owed a non-delegable duty to residents, including Joseph Dwight Sheppard, to use reasonable care in treating their residents with the degree of skill and learning ordinarily possessed and used by nursing home facilities in the same or similar locality;

44. Defendants owed a non-delegable duty to assist all residents, including Joseph Dwight Sheppard, in attaining and maintaining the highest level of physical, mental and psychosocial well-being;

45. Defendants failed to meet the applicable standards of care and violated their duty of care to Joseph Dwight Sheppard through mistreatment, abuse and neglect. Defendants failed to adequately supervise nurses and aides and failed to hire sufficient nurses and aides. As such, the nurses and aides were unable to provide Joseph Dwight Sheppard the requisite care, and as a result, negligent acts occurred as set forth herein. The medical negligence of Defendants include, but are not limited to, the following acts and omissions:

    a) the failure to ensure that Joseph Dwight Sheppard received timely and accurate care assessments, proper treatment, and necessary supervision;

    b) the failure to provide Joseph Dwight Sheppard with adequate and appropriate nursing care;

    c) the failure to provide adequate care and treatment to Joseph Dwight Sheppard; and

    d) the failure to adequately and appropriately monitor Joseph Dwight Sheppard.

46. Additionally, Defendants had a statutorily mandated responsibility to provide Joseph Dwight Sheppard nursing home residents' rights as set forth in Ark. Code Ann. §20-10-1201, et. seq.;

47. That Defendants' responsibilities to Joseph Dwight Sheppard under these statutes are nondelegable in that Defendants are directly liable for deprivations, and infringements by any person or entity under Defendants' control, direct or indirect, including its employees, agents, consultants, and independent contractors, whether in house or outside entities, individuals, agencies, that were caused by Defendants' policies, whether written or unwritten, or common practices;

48. That the duty alleged in the immediately preceding paragraph includes, but is not limited to, proper training and supervision, proper hiring, background and referral checks, and proper retaining and dismissing of employees, agents, consultants, and independent contractors;

49. That notwithstanding the responsibility of Defendants to provide Joseph Dwight Sheppard his statutorily mandated nursing home residents' rights, Joseph Dwight Sheppard was deprived of such rights by Defendants' failure to provide adequate and appropriate healthcare and protective support services, including therapeutic and rehabilitative services consistent with his resident care plan. These failures include, but are not limited to, the following:

    a) failing to provide enough staff;

    b) failing to provide properly trained or licensed staff;

    c) failing to notify his doctors of his needs;

    d) operating a filthy facility;

    e) failing to properly clean residents, with examples including allowing residents to lie in their own feces and urine for extended periods of time and, on some occasions, until family members changed them;

  f) failing to keep the home free of accident hazards;

  g) physically, mentally, and emotionally abusing residents;

  h) failing to provide proper food to meet his nutritional needs; and

  i) failing to provide proper call lights in the facility to allow residents to contact staff in case of emergencies or other needs.

50. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Joseph Dwight Sheppard's injuries, which were foreseeable. Joseph Dwight Sheppard suffered personal injuries, including pain and suffering, mental anguish and emotional distress.

51. As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Joseph Dwight Sheppard suffered injuries as described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants, including, but not limited to, pain and suffering, mental anguish and emotional distress in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT III - BREACH OF CONTRACT

52. Plaintiff adopts and incorporates by reference all of the foregoing language of this Complaint as if fully set forth herein and further states as follows:

53. That upon becoming a resident at the facility, Joseph Dwight Sheppard entered into a contract with Defendants whereby for consideration duly paid by or on behalf of Joseph Dwight Sheppard, Defendants were to provide Joseph Dwight Sheppard with a place of

residence, nutrition, personal care, nursing care, and rights guaranteed to nursing home residents under Arkansas law and federal law, which rights were incorporated in to the Resident Admission Agreement by reference, and which placed a duty upon Defendants to provide basic care for Joseph Dwight Sheppard. Pursuant to such contract, Joseph Dwight Sheppard was entrusted to Defendants' sole custody and care;

54. That the facility breached its contract with Joseph Dwight Sheppard by failing to provide a safe environment, by failing to treat Joseph Dwight Sheppard with dignity and respect, by failing to provide Joseph Dwight Sheppard with proper nursing and personal care, and by failing to provide Joseph Dwight Sheppard with basic grooming and cleanliness assistance which are taken for granted. By failing to do so, Defendant broke its word and its promise to assist Mr. Sheppard in attaining or maintaining the highest practicable physical, mental, and psychosocial wellbeing which he could achieve as required by both state and federal law, thereby entitling him to damages for breach of contract, including restitution for monies paid by, or on behalf of, Mr. Sheppard, to Defendants;

55. That damages for breach of contract as suffered by Mr. Sheppard are recoverable by his estate;

56. That Defendants breached their contract with Joseph Dwight Sheppard by failing to provide adequate staff and a safe living environment to take care of his basic needs;

57. That Joseph Dwight Sheppard's damages for breach of contract arise out of Defendant's failure to provide adequate staff and a safe living environment to take care of his basic needs;

58. That Plaintiff is entitled to recover attorney's fees and costs pursuant to Ark. Code Ann. §62-22-308;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff as Special Administrator of the Estate of Joseph Dwight Sheppard, deceased, prays for judgment against Defendants as follows:

1. For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained and exceeding that required by federal court jurisdiction in diversity of citizenship cases.

2. For all general and special damages caused by the alleged conduct of Defendants.

3. For the costs of litigating this case.

4. For prejudgment and post-judgment interest.

5. For attorney's fees pursuant to Ark. Code Ann. § 16-22-308 and Ark. Code Ann. § 4-88-204.

6. For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Joseph Dwight Sheppard and to deter Defendants and others from repeating such atrocities.

7. For all other relief to which Plaintiff is entitled.

> Valerie Wells, as Special Personal Representative of the Estate of Joseph Dwight Sheppard, Deceased, and on Behalf of the Wrongful Death Beneficiaries of the Estate of Joseph Dwight Sheppard, Deceased
>
> By: _____
> Scott Davidson (AR#88090)
> Davidson Law Firm
> P.O. Box 4046
> Batesville, Arkansas 72503
> (870) 612-5574 Telephone
> (870) 612-5370 Facsimile

## DEMAND FOR JURY TRIAL

  Comes Opal Mobley, as Special Personal Representative of the Estate of Joseph Dwight Sheppard, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, and demand right of trial by jury to all issues herein.

              By: _____
                Scott Davidson (AR#88090)
                Davidson Law Firm
                P.O. Box 4046
                Batesville, Arkansas 72503
                (870) 612-5574 Telephone
                (870) 612-5370 Facsimile

                *Attorney for Plaintiff*

IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE )
ESTATE OF ) Case No. PR-2017-105-1
JOSEPH DWIGHT SHEPPARD, DECEASED )

FILED MAY 23 2017
TRACEY MITCHELL
COUNTY & PROBATE CLERK D.C.

### ORDER APPOINTING SPECIAL PERSONAL REPRESENTATIVE AND APPROVING ATTORNEY EMPLOYMENT CONTRACT

On this day was presented to the Court the Petition of Valerie Wells praying for the appointment of a Special Personal Representative of the estate of her father, Joseph Dwight Sheppard, deceased, from which this Court, being well and sufficiently advised in the premise, does find, order and adjudge as follows:

1. Petitioner is an adult daughter of the decedent, Joseph Dwight Sheppard who resided at Batesville Health and Rehabilitation Center, 1975 White Drive, Batesville, Independence County, Arkansas, 72501.

2. The decedent, Joseph Dwight Sheppard, died on January 18, 2017, at Batesville Health and Rehabilitation Center in Horseshoe Bend, at the age of 72 years.

3. The value of the estate of the decedent, Joseph Dwight Sheppard, is limited to a tort case of unknown value.

4. There is no general administration of the decedent's estate pending, nor is any contemplated.

5. Petitioner has nominated herself as Special Personal Representative for the limited purpose of investigating and prosecuting any and all claims which the estate of the decedent may have resulting in the death of her father, and for the purpose of employing an attorney to handle the investigation and prosecution of such claims.

Exhibit A

6. Petitioner is qualified, and is hereby appointed as, Special Personal Representative of the estate of Joseph Dwight Sheppard for the purpose of investigating and prosecuting claims on behalf of the estate.

7. Petitioner has entered into a Attorney Employment Contract with Attorney Scott Davidson in her capacity as Special Personal Representative Nominee of her father's estate, a copy of which is attached to the Petition for Appointment as Exhibit "A".

8. The Court hereby approves Petitioner's execution of the Attorney Employment Contract on behalf of the estate and authorizes Petitioner and Attorney Scott Davidson to proceed according to the terms of the Attorney Employment Contract.

9. Any requirements of bond, inventory, or accounting, shall be dispensed with until such time that the estate has property, should that occur.

10. The Clerk of this Court shall issue Letters of Special Administration on behalf of the Petitioner, Valerie Wells.

IT IS SO ORDERED.

*[signature]*
Hon. Maureen Harrod, Circuit Judge
Date: May 17, 2017

IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE )
ESTATE OF ) Case No. PR-2017-105-1
JOSEPH DWIGHT SHEPPARD, DECEASED )

## ACCEPTANCE OF APPOINTMENT AS SPECIAL PERSONAL REPRESENTATIVE OF ESTATE

On this day, Valerie Wells does hereby accept her appointment as Special Personal Representative of the Estate of Joseph Dwight Sheppard, Deceased.

Dated this 23 day of May, 2017.

_____
VALERIE WELLS

## VERIFICATION

Comes now VALERIE WELLS and states on oath that she has read the above and foregoing instrument and that the facts set forth therein are true and correct to the best of her knowledge, information and belief.

_____
VALERIE WELLS

STATE OF ARKANSAS )
) ss.
County of Sharp )

SUBSCRIBED and SWORN to before me this 23 day of May, 2017.

_____
Notary Public

My Commission Expires:

6-22-2024

FILED
MAY 23 2017
12:15 __M
TRACEY MITCHELL
COUNTY & PROBATE CLERK

Exhibit B

IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE )
ESTATE OF ) Case No. PR-2017-105-1
JOSEPH DWIGHT SHEPPARD, DECEASED )

### LETTERS OF SPECIAL ADMINISTRATION

BE IT KNOWN:

THAT Valerie Wells, whose address is 515 Dry Run Circle, Batesville, Arkansas, 72501, having been appointed Special Personal Representative of the Estate of Joseph Dwight Sheppard, Deceased who died on or about January 18, 2017, and having qualified as such Special Personal Representative is hereby authorized to act as such for and in behalf of the estate and to take possession of the property thereof as authorized by law.

ISSUED this _23_ day of _May_, 2017.

_J. Mitchell_
INDEPENDENCE COUNTY PROBATE CLERK,

By:_pk_,D.C.

(S E A L)

FILED
MAY 2 3 2017
_12:17 p_ M
TRACEY MITCHELL
COUNTY & PROBATE CLERK
_ph_ D.C.

Exhibit C