# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

VALERIE WELLS, As Special Personal
Representative of the Estate of Joseph
Dwight Sheppard, Deceased, and on
behalf of the Wrongful Death Beneficiaries
of Joseph Dwight Sheppard, Deceased                      PLAINTIFF

v.                      1:17-cv-45-DPM

SKYLINE ARKANSAS HOLDINGS, LLC;
SKYLINE CHP HOLDINGS, LLC;
BATESVILLE HOLDINGS, LLC;
BATESVILLE HEALTH AND REHAB,
LLC; ARKANSAS NURSING HOME
ACQUISITION, LLC; CAPITAL FUNDING
GROUP, INC.; CSCV HOLDINGS II, LLC;
ARKANSAS SNF OPERATIONS
ACQUISITION III, LLC; JOSEPH
SCHWARTZ; JOHN W. DWYER; ALAN
ZUCCARI; and BRIAN REYNOLDS                      DEFENDANTS

## PROTECTIVE ORDER

With the parties' agreement, and pursuant to Federal Rule of Civil Procedure 26(c), the Court orders:

### 1. Definition of Confidential Information

"Confidential information" includes: (a) Personnel documents pertaining to current and former employees of Defendants, including but not limited to employee compensation information, tax information, supervisory notes, and discipline reports; (b) Non-public financial information of Defendants; (c) Proprietary documents and information of Defendants, including trade secrets, business plans, and procedure manuals created by Defendants, and (d) as required by 45 C.F.R. § 164.512(e)(1)(v), confidential patient information, protected health information, or

4840-1675-1439.1

other identifiable health information as defined by the Health Insurance Portability and Accountability Act ("HIPAA").

## 2. Designation of Confidential Information

"Confidential information" shall not be disclosed except as set forth in this Order. Any deposition transcript page, interrogatory answer, produced document, item produced or examined, and each answer to request for admission, which in good faith is deemed by counsel for a party to disclose confidential information of that party, shall be identified and marked "CONFIDENTIAL" by that party's counsel. The identification and marking shall be made: (a) in the case of an answer to an interrogatory or a response to a request for admission, at the time when the answer or response is served by the requested party; (b) in the case of another document, when a copy of the document is provided to another party. In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within 20 calendar days after receipt of the transcript of the deposition. Pending notification from opposing counsel during the 20 calendar-day period, all transcript pages shall be treated as "CONFIDENTIAL" and may be used only in accordance with this Order.

## 3. Treatment of Confidential Information and Persons Entitled to Access

Until and unless the Court rules that any information, document, or thing designated as confidential is not confidential information, or may be disclosed beyond the limits permitted by this Order, access, copying, and dissemination of that information, document, or thing is limited to the following persons: (a) Attorneys of record in this litigation, along with their employees and agents actively engaged in the conduct of this litigation; (b) Named parties to this case; (c) Representatives of parties to this case; (d) Witnesses in this litigation who will be deposed or who will testify at trial; (e) The Court, stenographers, court clerks, and other court personnel employed by the Court; and (f) Any expert retained for the purpose of assisting counsel in trial preparation.

4840-1675-1439.1

Any person who accesses confidential information shall be provided a copy of this Order and shall be advised of this Order prior to disclosure.

### 4. Restrictions on Use and Dissemination of Designated Information

All information produced by a party in the course of this litigation and designated as CONFIDENTIAL shall be used by the receiving party solely for the purpose of this litigation. Any person receiving information designated as CONFIDENTIAL pursuant to the provisions of this Order shall be advised of this Order. Nothing in this paragraph shall have any impact on Plaintiff's right to retain and to utilize the medical records of Joseph Dwight Sheppard.

### 5. Certain Information Not Subject to Scope of Order

The restrictions of this Order shall not apply to information that: (a) was, is, or becomes public knowledge, not in violation of this Order; (b) was or is acquired from a third party having no obligation of confidentiality to the designating party; or (c) the receiving party establishes was in its lawful possession at the time of disclosure or is developed by the receiving party independently of Confidential Information. The receiving party has the burden to prove that information falls within this paragraph.

### 6. Exceptions by Order or by Agreement of the Parties

Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information consents in writing to the disclosure, or if the Court, after notice to the other party and the opportunity to be heard, orders disclosure.

### 7. Inadvertent or Unintentional Disclosure

The inadvertent or unintentional disclosure by the supplying party of information designated confidential under this Order—regardless of whether the information was designated at the time of disclosure—shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information

relating to the disclosure or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of confidential information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for marking.

### 8. Challenges to Designations

A party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and failure to do so shall not preclude a subsequent challenge. In the event that either party disagrees at any point with the designation by the supplying party of any information, the parties shall first attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court in accordance with the procedures required by the Final Scheduling Order (Doc. 12), and the party asserting confidentiality shall have the burden of proving the proper designation.

### 9. Documents Under Seal

Material designated as "Confidential" shall not be filed on the public docket. If practicable, it shall be redacted. FED. R. CIV. P. 5.2. If redaction is impractical, a party must move for permission to file under seal any "Confidential" material and any related motion, brief, or paper containing that material. The moving party must justify sealing with specifics and solid reasons.

### 10. Continuing Effect

The provisions of this Order shall remain in effect for one year after the litigation ends. Thereafter, the obligations imposed shall be solely a matter of contract between the parties.

### 11. Return or Destruction of Confidential Information by Receiving Party

4840-1675-1439.1

Within 120 days after final conclusion of all aspects of this litigation, and upon request from opposing counsel, all documents designated as "Confidential" and all copies of the same shall be returned to the supplying party or destroyed. The receiving party shall generate a certificate indicating the return or destruction in compliance with this Order and deliver it to the supplying party. Plaintiff need not destroy Joseph Dwight Sheppard's medical records, or any other documents containing Joseph Dwight Sheppard's protected health information, in connection with Plaintiff's obligations under this paragraph.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 October 2017

-5-
4840-1675-1439.1

PREPARED BY:

/s/ Samantha B. Leflar
Mark W. Dossett (AR 95174)
Samantha B. Leflar (AR 2010190)
Maggie Benson (AR 2015077)
KUTAK ROCK LLP
*Attorneys for Separate Defendants, Skyline Arkansas Holdings, LLC, Skyline CHP Holdings, LLC, Batesville Holdings, LLC, Batesville Health and Rehab, LLC, and Joseph Schwartz*

APPROVED:

/s/ Scott Davidson
Scott Davidson (AR 88090)
DAVIDSON LAW FIRM
*Attorneys for Plaintiff*

/s/ Carson Tucker
Jerry J. Sallings (AR 84134)
Carson Tucker (AR 2006090)
WRIGHT, LINDSEY & JENNINGS LLP
*Attorneys for Separate Defendants, Arkansas Nursing Home Acquisition, LLC, Capital Funding Group, Inc., CSCV Holdings II, LLC, Arkansas SNF Operations Acquisition III, LLC, John W. Dwyer, Alan Zuccari, and Brian Reynolds*

4840-1675-1439.1